```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Richmond Division
```

JAMES DOLAN, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                             Civil Action No. 3:23cv512

FORD MOTOR COMPANY,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on FORD MOTOR COMPANY'S MOTION FOR A LIMITED STAY, PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE (ECF No. 7) (the "MOTION FOR STAY"). Having considered the MOTION FOR STAY and the supporting, opposing, and reply memoranda (ECF Nos. 8, 22, and 24) and the CLASS ACTION COMPLAINT (ECF No. 1), as well as having reviewed FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE (ECF No. 5) (the "MOTION TO TRANSFER"), and its supporting, opposing, and reply memoranda (ECF Nos. 6, 21, and 25), FORD MOTOR COMPANY'S MOTION FOR A LIMITED STAY, PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE (ECF No. 7) will be denied.

## BACKGROUND

The CLASS ACTION COMPLAINT herein (ECF No. 1) asserts eight claims, seven of which are based in Virginia law, and one of which

is based on federal law.  The individual plaintiff and the putative class are Virginians.  Ford Motor Company ("Ford") is a corporation organized under the laws of the State of Delaware and its principal place of business is in Dearborn, Michigan.  Jurisdiction is laid under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and under diversity principles, the citizenship of all plaintiffs being diverse from that of Ford.  The case involves the allegedly defective design and manufacture of an automatic transmission shift known as the 10R80 transmission system.

The CLASS ACTION COMPLAINT was filed on August 11, 2023 and the summons and service of process was returned as executed on September 19, 2023.  On September 22, 2023, Ford filed the MOTION TO TRANSFER the case to the District of Massachusetts and the pending MOTION FOR STAY.  Both motions are fully briefed and ripe for decision.  A hearing on the MOTION TO TRANSFER will be held on November 16, 2023 at 3:30 p.m.  On October 27, 2023, Ford filed its Answer and a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

The issues are now joined because the CLASS ACTION COMPLAINT has been answered, and, in the usual course of proceeding in this Court, the case will be set for an Initial Pretrial Conference on December 13, 2023.  It is anticipated that a decision on the MOTION TO TRANSFER will be issued by December 1, 2023.

Ford seeks a stay until the Court decides the MOTION TO TRANSFER this action to join four others which are pending in the United States District Court of the District of Massachusetts and that involve the same alleged defects. One of those cases was originally filed in Massachusetts and the other three were transferred from Alabama, Illinois, and Florida, by consent of the plaintiffs in those actions and Ford.

## DISCUSSION

The parties agree that some of the factual issues in this case overlap with issues of fact in those cases that are now pending in the District of Massachusetts. There is no identity of party plaintiffs in any of the cases. There is, however, a common defendant, Ford. None of the four cases in the District of Massachusetts are based in Virginia law.

Ford argues that, absent a stay of this case, it will be required to engage in potentially duplicative and unnecessary work, among which is the filing of an Answer. The other allegedly duplicative and unnecessary work is said to be the need to prepare a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Both the Answer and that motion were filed (ECF Nos. 26 and 28, respectively) on October 27, 2023. The Motion to Dismiss is not ripe for decision at this point.

3

Thus, much of the alleged hardship on which it bases its request for stay are matters of routine federal practice and have already taken place. (See FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A LIMITED STAY, PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE (ECF No. 8, ¶ III, pp. 7-8)). There is nothing in the record establishing that Ford suffered any material hardship in the preparation and filing of those rather routine papers. Also, Ford alleges that it might be required to exchange interrogatories and discovery requests in anticipation of a pretrial conference and that such obligations could result in inconsistent obligations on it and inconsistent rulings on discovery disputes. Other than the speculation of counsel, there is no basis at all for those apprehended injuries.

Ford contends that the plaintiff will not be prejudiced by entry of a stay pending decision on the MOTION TO TRANSFER. The plaintiff says that whatever hardship Ford faces is minimal and the plaintiff would suffer the prejudice of delay.

The Court has inherent authority to issue stays in controlling its docket, Landis v. North American Co., 299 U.S. 248, 254-55 (1936). The decision to issue a stay requires balancing of the parties' competing interests. On that, the parties are in agreement. In weighing the interests, the Court considers, inter alia, the interest of judicial economy, the hardship to the moving party if there is no stay, and the potential prejudice to the non-

4

moving party if there is a stay. <u>Actelion Pharms. Ltd. v. Lee</u>, 2016 WL 205377 at *4 (E.D. Va. Jan. 13, 2016). Ford bears the burden to establish that a stay is necessary. There is no real disagreement on the standard to be applied.

1. **Hardship and Prejudice**

On both sides, the assertions of hardship and prejudice are both speculative and largely manufactured. Most of Ford's asserted hardship has already occurred because it has filed its Answer and a Motion to Dismiss. The commencement of discovery by filing discovery requests can hardly be considered a hardship. In any event, the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, and the Court's approach to resolving discovery disputes afford ample protection from any hardship or burden that might befall Ford because of the nature of the discovery requests presented by the plaintiff. The plaintiff's apprehension of delay also is overstated. The issue of transfer will be decided forthwith, certainly by December 1, 2023. The Initial Pretrial Conference will be set for December 13, 2023. The parties can effectively have the Rule 26 conference as required by the Order Setting Pretrial Conference and the Scheduling Order that will be entered herein. The initial pretrial conference will result in an Order setting this case for trial in a matter of months.

5

In sum, the hardship perceived by Ford and the prejudice (delay) perceived by the plaintiff offset each other if the case is allowed to take its usual course. Accordingly, Ford has not established that the balancing requirement augurs in favor of a stay.

2.  **The Interest of Judicial Economy**

Nor does Ford carry the day on the judicial economy factor. A review of the papers show that Ford's judicial economy argument lies in its conviction that it will prevail on the MOTION TO TRANSFER and the plaintiff's position that Ford will not prevail.

The request for stay here necessitates a preliminary assessment of the likelihood of success on that motion because the thrust of Ford's position is that its likely success on that motion results in judicial economy. A preliminary review of the papers filed in support of, and opposing, that motion suggests strongly that transfer will not be appropriate because Ford bases its request for transfer on the so-called "first filed" rule which appears not to be a viable theory under the facts here presented and because it appears that the plaintiff could not have brought this action against Ford in Massachusetts.

In sum, the likelihood that Ford will succeed on its MOTION TO TRANSFER is not strong enough to warrant the exercise of the Court's inherent power to stay the case pending further

proceedings. That is particularly so because the further proceedings that will take place before the MOTION TO TRANSFER will be decided are basically administrative and logistical and will cause Ford no real hardship or difficulty and will, in the event that the plaintiff prevails, advance the case to a prompt trial date.

On this record, Ford has not shown that the interest of judicial economy is served by granting the requested stay. To the contrary, it is reasonable to conclude that judicial economy will be served by denying the requested stay.

## CONCLUSION

For the foregoing reasons, FORD MOTOR COMPANY'S MOTION FOR A LIMITED STAY, PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE (ECF No. 7) will be denied.

It is so ORDERED.

/s/  REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 3, 2023