IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES DOLAN, individually and
on behalf of all others similarly
situated,

     Plaintiff,

v.                                Civil Action No. 3:23-cv-512

FORD MOTOR COMPANY,

     Defendant.

## MEMORANDUM OPINION

This matter is before the Court on FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE (ECF No. 5) ("the Motion"). For the reasons set forth below, the Motion will be denied.

### I. Background

Plaintiff James Dolan ("Dolan") filed this class action on August 11, 2023 on behalf of himself and a Virginia class of consumers against Ford Motor Company ("Ford") claiming that Ford knowingly designed, manufactured, distributed, advertised, marketed, sold, and/or leased vehicles from 2017 to the present with defective 10R80, 10-speed automatic transmissions. CLASS ACTION COMPLAINT (ECF No. 1) ("CAC") ¶¶ 3-4. The defective transmissions allegedly cause the vehicles to shift harshly and erratically, resulting in jerking, lunging, clunking, hesitating, or slipping between gears. CAC ¶ 4. Dolan says that Ford failed to

disclose this defect to the putative class members at the time of purchase or lease and refused to repair or replace these transmissions thereafter, stating to customers that the abrupt shifting is "normal." CAC ¶¶ 8-10. This has allegedly resulted in monetary losses to the class members. CAC ¶ 12.

The CAC asserts eight claims, all but one of which is based on Virginia statutory or common laws. Count I alleges a breach of express warranty (Va. Code Ann. § 8.2-313). Count II alleges a breach of the implied warranty of merchantability (Va. Code Ann. § 8.2-314). Count III alleges a breach of the implied warranty of fitness for a particular purpose (Va. Code Ann. § 8.2-315). Count IV alleges a violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.). Count V alleges a negligence claim under Virginia common law. Count VI alleges "FRAUD/FRAUDULENT CONCEALMENT" under Virginia common law. Count VII is a claim for unjust enrichment under Virginia common law. Count VIII alleges violations of the Virginia Consumer Protection Act (Va. Code Ann. § 59.1-196, et seq.). CAC ¶¶ 113-227.

Similar class actions have been filed in other district courts which make similar factual allegations and legal claims regarding the Ford transmissions. See McCabe v. Ford Motor Company, No. 1:23-cv-10829 (D. Mass. April 18, 2023) ("McCabe"); Boggan v. Ford Motor Company, No. 2:23-cv-00774 (N.D. Ala. June 13, 2023) ("Boggan"); Skole v. Ford Motor Company, No. 1:23-cv-04130 (N.D. Ill. June 13,

2023) ("Skole"); Vangel v. Ford Motor Company, No. 1:23-cv-22572 (S.D. Fla. July 11, 2023) ("Vangel"). Ford filed motions to transfer the Boggan, Skole, and Vangel actions to the District of Massachusetts where the first-filed McCabe action is pending. ECF No. 6 at 4. Each court granted Ford's motion without any objection from the plaintiffs in those cases. Id. Subsequent actions alleging the same defects have since been filed in other district courts across the country and have been or, says Ford, are expected to be transferred to the District of Massachusetts with the plaintiffs' consent. ECF No. 25 at 7.

On September 22, 2023, Ford moved to transfer this action to the District of Massachusetts where the actions can be consolidated. ECF No. 5. Ford argues that the case can be transferred under the first-to-file rule without regard to the requirements of 18 U.S.C. § 1404(a). ECF No. 25 at 9. It claims that the first-to-file rule "is rooted in principles of equity and federal comity, separate and distinct from transfer under 1404(a)." Id. at 10. Dolan opposes the transfer motion, arguing that Ford must satisfy the requirements of § 1404(a) before this Court can transfer the case. ECF No. 21 at 10-13. Dolan's view is that the judge-made first-to-file rule is not a standalone authority to transfer a case. Id. Rather, the rule is a factor in assessing the interest of justice facet in the second step of the § 1404(a) analysis, if such an analysis can be undertaken (which

3

according to Dolan it cannot). Id. at 10-11 (quoting Andreadakis v. Ctr. for Disease Control & Prevention, 2022 WL 1204771, at *4 (E.D. Va. Apr. 22, 2022)).

The moving party bears the burden of demonstrating that a transfer of venue is warranted under § 1404(a). Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 724 (E.D. Va. 2005). As explained below, Ford has not met its burden.

## DISCUSSION

Resolution of Ford's motion necessitates an understanding of the so-called "first-to-file rule" and its relation to 28 U.S.C. § 1404(a) that permits a change of venue "[f]or the convenience of parties and witnesses, in the interest of justice." The first-to file rule is the older of the two, and it is the predicate of Ford's Motion. So, it will be assessed first.

The first-to-file rule is a judge-made case-management tool that sprang to life in Smith v. McIver, 22 U.S. (9 Wheat.) 532 (1824) wherein Chief Justice Marshall said that, where two courts concurrently have jurisdiction over a fraud case, "the cause must be decided by the tribunal which first obtains possession of it." Today, that principle is usually stated as: "when multiple suits are filed in different Federal courts upon the same factual issue, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Gibbs v. Haynes Invs., LLC, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019) (internal quotations omitted).

4

This first-to-file rule aims to prevent duplicative litigation and conserve judicial resources. Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006).

Courts in the Fourth Circuit primarily consider three factors in applying the first-to-file rule: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." Gibbs v. Stinson, 421 F. Supp. 3d 267, 287 (E.D. Va. 2019). However, whether to apply the rule is ultimately within the discretion of the district court. See Gibbs, 368 F. Supp. 3d at 914. Evidence of bad faith, anticipatory suits, forum shopping, and the balance of conveniences may all "giv[e] rise to exceptions to the first-to-file rule." Samsung, 386 F. Supp. 2d at 724; Affinity Memory & Micro, Inc. v. K & Q Enters., Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998). Where the rule does apply, "a district court may dismiss, stay, or transfer a suit when a similar lawsuit has been filed and is pending in a federal forum." Farina v. Mazda Motor of Am., Inc., 2023 WL 4241675, at *4, 9 (W.D.N.C. June 28, 2023) (staying the action); see also James v. LoanCare, LLC, 2016 WL 10893949, at *1-2 (E.D. Va. Feb. 22, 2016) (transferring the action with the consent of both parties).

One-hundred and sixteen years after Smith v. McIver was decided, Congress, when codifying the common-law doctrine of forum non conveniens and harmonizing various venue statutes, enacted 28 U.S.C. § 1404(a) which specifically governs transfer of venue. It

states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The statute involves a two-step inquiry: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Intern, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). "In order to demonstrate that an action might have been brought in a proposed transferee district, a movant must establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." Id. "Only if the court determines that the plaintiff could have brought the case in the transferee forum will it proceed to the second inquiry." Andreadakis, 2022 WL 1204771, at *5.

## A. Does the First-to-File Rule Serve as a Legal Basis for Transfer Independent of § 1404(a)?

The first-to-file rule permits a court, in its discretion, to dismiss, stay, or transfer a case to avoid duplicative litigation and inconsistent results. See Farina, 2023 WL 4241675, at *4. But if the court chooses to transfer the case, the requirements of §

1404(a) necessarily cabin its discretion. See In re Bozic, 888 F.3d 1048, 1054 (9th Cir. 2018).

"When a federal statute invades an area occupied by federal common law, we generally presume the statute does not change the established common law." Pond v. United States, 69 F.4th 155, 164 (4th Cir. 2023). But this presumption may be overcome, and the common law supplanted, when the statute "'speaks directly' to the question addressed by the common law." Id. at 164-65 (quoting United States v. Texas, 507 U.S. 529, 534 (1993)).

The first-to-file rule—as an independent, equitable basis for transfer—was supplanted by § 1404(a). The statute "speaks directly" to the issue of transfer. In enacting § 1404(a), Congress laid out specific and unambiguous criteria to be satisfied before a district court may transfer a case to another district or division. The statute's plain meaning thus makes clear that the judge-made first-to-file doctrine cannot be used to circumvent these congressionally enacted limits on the court's judicial power. United States v. Bell, 5 F.3d 64, 68 (4th Cir. 1993) ("[A]bsent ambiguity or a clearly expressed legislative intent to the contrary, the statute must be given its plain meaning."); cf. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) ("Th[e] transfer power is, however, expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'").

7

The United States Court of Appeals for the Ninth Circuit has previously addressed whether the judge-made doctrine in the first-filed rule could contravene the will of Congress as expressed in § 1404(a) and reached the same conclusion. In re Bozic, 888 F.3d 1048 (9th Cir. 2018). In Bozic, the Court of Appeals recognized that the "'transfer power is . . . expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'" Id. at 1054 (ellipses in original)(quoting Van Dusen, 376 U.S. at 616). The Ninth Circuit then concluded that "[a] contrary understanding . . . would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance." Id. (citing Nostrand v. Little, 362 U.S. 474, 477 (1960)).

Therefore, the judge-made first-to-file rule is better understood as "a factor in analyzing a transfer under the authority provided by Congress" rather than as a standalone authority for transfer. Andreadakis, 2022 WL 1204771, at *4; see also Byerson, 467 F. Supp. 2d at 635 (stating that the first-to-file rule is properly considered as a component of the interest of justice analysis); Samsung, 386 F. Supp. 2d at 724 (analyzing the first-to-file rule under the interest of justice analysis); Gonzalez v. Homefix Custom Remodeling, Corp., 2023 WL 3115585, at *7 (E.D. Va.

8

Apr. 26, 2023) (assessing the § 1404(a) requirements along with the first-to-file rule and finding both satisfied).

Ford nonetheless claims that the weight of authority suggests that the first-to-file rule is not tethered to the § 1404(a) requirements. ECF No. 25 at 9-12. To be sure, courts are often unclear on how the two rules relate, often glossing over § 1404(a). But upon close review, at least some of those cases permit a transfer only after both § 1404(a) and the first-to-file rule are purportedly satisfied. See Bosch v. Westport Fuel Systems Canada, Inc., 2023 WL 1422308, at *12-13 (E.D. Va. Jan. 31, 2023) ("Pursuant to the first-to-file rule and consistent with 28 U.S.C. § 1404, the Court finds that this matter should be transferred . . . ."); Smart Techs., Inc. v. Polyvision Corp., 2004 WL 6047007, at *2-4 (E.D. Va. Oct. 20, 2004) (analyzing the first-to-file rule under the § 1404(a) analysis and holding that "this case will be transferred in its entirety . . . pursuant to 28 U.S.C. § 1404(a).").

Other cases cited by Ford are inexplicit on whether § 1404(a) is a required threshold analysis. See Daileader v. Certain Underwriters at Lloyd's London, 2022 WL 2276461, at *4-5 (D.S.C. June 23, 2022); Cree, Inc., v. Watchfire Signs, LLC, 2020 WL 7043868, at *5 (M.D.N.C. Dec. 1, 2020); Moore v. Circosta, 2020 WL 5880129, at *1, 8 (E.D.N.C. Oct. 3, 2020); Victaulic Co. v. E. Indus. Supplies, Inc., 2013 WL 6388761, at *2-4 (D.S.C. Dec. 6,

9

2013). That may be because there were no disputes as to that issue. However, no decision cited by Ford expressly holds that a district court may transfer a case under the first-to-file rule when to do so would directly contravene the limitations set by § 1404(a).

Ultimately, established legal principles and the weight of authority require courts to comply with § 1404(a) when transferring venue even when the first-to-file rule may independently counsel in favor of transfer.[1] Thus, the Court must assess whether transfer would be proper under that statute.

## B. Might an Action Have Been Brought Against Ford in the District of Massachusetts Pursuant to § 1404(a)?

Section 1404(a) quite clearly states that "a district court may transfer any civil action <u>to any other district</u> or division <u>where it might have been brought</u> or to any district or division to which all parties have consented." (emphasis added). Given that Dolan does not consent to transfer, the threshold issue in resolving Ford's Motion is whether the case "might have been brought" in the District of Massachusetts.

The general rule is that a case might have been brought in any district where venue and jurisdiction would be proper. <u>See</u> <u>Koh</u>, 250 F. Supp. at 630; 15 Charles Alan Wright & Arthur R.

---

[1] This only applies to a transfer of venue. A district court may also stay or dismiss a case under the first-to-file rule, but given that neither party has requested a stay or dismissal, the Court does not address these options.

Miller, Federal Practice and Procedure § 3845 (4th ed. 2023). There seems to be no dispute on that point.

Dolan correctly argues that Ford has not established that, as to it, there is either venue or personal jurisdiction in the District of Massachusetts. ECF No. 21 at 11-12. Dolan alleges that Ford, a Delaware corporation headquartered in Michigan, CAC ¶ 18, is not subject to the general jurisdiction in Massachusetts. ECF No. 21 at 12. Ford does not argue otherwise. Additionally, specific jurisdiction does not apply because Dolan's claims arose out of Ford's conduct in Virginia, not Massachusetts. See A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016) (requiring "a nexus between [plaintiff's] claims and [defendant's] forum-based activities").

Venue would not be proper in the District of Massachusetts either. Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). A defendant "with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Venue is not proper under § 1391(b)(1)

11

because Ford does not reside in Massachusetts (i.e., Ford is not subject to personal jurisdiction in Massachusetts with respect to this action). And venue is not proper in the District of Massachusetts under § 1391(b)(2) because a substantial part of the events giving rise to Dolan's claim did not occur there. See ECF No. 21 at 12.

Ford does not dispute that there is a lack of venue in the District of Massachusetts. Instead, Ford claims that the case could have been brought in the District of Massachusetts because it now waives any objection to jurisdiction or venue there. ECF No. 25 at 12.

The Supreme Court has long rejected that argument. In Hoffman v. Blaski, the Supreme Court stated, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." 363 U.S. 335, 343-44 (1960). A district in which the action "might have been brought" is one in which the "plaintiff has a right to sue [at the time the suit is commenced], independently of the wishes of defendant." Id. at 344. In other words, where venue and personal jurisdiction would be proper at the outset. See 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3845 (4th ed. 2023).

12

Having failed to establish that this action might have been brought in the District of Massachusetts, Ford fails to meet its burden to transfer venue under the first step of § 1404(a).

### CONCLUSION

A motion to transfer venue is governed by the limitations of 28 U.S.C. § 1404(a). The first step of that inquiry requires the moving party to prove that the transferee forum is one where the action might have been brought. Ford has failed to show that this action could have been brought in the District of Massachusetts because it cannot establish that venue and personal jurisdiction would be proper there. Accordingly, FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE (ECF No. 5) will be denied.


It is so ORDERED.


                                   /s/        RSP
                              _____
                              Robert E. Payne
                              Senior United States District Judge



Richmond, Virginia
Date: December 1V, 2023




13