IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES DOLAN, et al.,
Individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                           Civil Action No. 3:23cv512

FORD MOTOR COMPANY,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court related to DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' SIXTH REQUESTS FOR PRODUCTION OF DOCUMENTS (ECF No. 457) ("MOTION"); PLAINTIFFS' RESPONSE TO DEFENDANT FORD MOTOR COMPANY'S MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFFS' SIXTH REQUESTS FOR PRODUCTION OF DOCUMENTS (ECF No. 470); and DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' SIXTH REQUESTS FOR PRODUCTION OF DOCUMENTS (ECF No. 474). For the reasons set forth below, the Court will DENY the MOTION.

## PROCEDURAL HISTORY

This issue originally arose upon the filing of the MOTION. ECF No. 457. The MOTION argued that the Court should enter a protective order preventing Defendants from being forced to produce specific documents. In part, the argument was premised on

the burden such production would place on Ford. ECF No. 457, 3. Attached to the MOTION was the declaration of one of Defendant Ford's attorneys of record in this case, Jodi Schebel. ECF No. 457-5. In her declaration, Ms. Schebel states that Ford collected documents from 25 sources in 2,900 hours. ECF No. 457-5, ¶ 6. She used that number to determine that 116 hours was used for each source on average. Id. at ¶ 7. Then, she multiplied the 116 hours per source by the additional 13 custodians Plaintiffs requested, resulting in 1,500 hours. Id. at ¶¶ 8-9. Thus, she concluded producing documents from the additional 13 custodians would take approximately 1,500 hours. Id. at ¶ 9.

Plaintiffs sought a deposition from Ms. Schebel to explore the factual bases of her affidavit. Ford objected. The parties met and conferred and could not resolve the underlying issue. Thus, the Court convened, by telephone, a discovery conference on August 11, 2025 and heard argument on whether Plaintiffs should be allowed to depose Ms. Schebel. Analysis of their arguments and the case law follows.

## ANALYSIS

Plaintiffs argue that they are unable to discern the bases for Ms. Schebel's discussion of the burden of seeking documents from the additional custodians. Plaintiffs want to secure the source of information from which the extrapolation is derived and whether the extrapolation applies to the new custodians. ECF No.

2

507, 7. Without underlying facts about the extrapolation data and efforts on the new custodians, Plaintiffs say that Ford cannot establish its burden argument. For example, Plaintiffs explain that some custodians may not have any documents left, and that, without even determining how many documents there would be to look through, Ford cannot demonstrate its burden. Therefore, Plaintiffs want to depose Ms. Schebel for two hours and only relating to the contents of the declaration. ECF No. 507, 8.

In response, Ford argues that Plaintiffs' questions can be addressed by written interrogatories, which will prevent attorney client privilege from being violated. Specifically, Ford points to N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83 (M.D.N.C 1987) for the proposition that the Fourth Circuit applies a "slightly modified version of the Shelton test." ECF No. 474, 12. (citing N.F.A Corp., 117 F.R.D. at 86; referencing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1987)). Further, says Ford, N.F.A Corp. stands for the proposition that written interrogatories are preferable to deposition of attorneys. ECF No. 474, 12-13. Ford is correct that N.F.A Corp. does have those holdings.

Plaintiffs cite another Middle District of North Carolina case, Slate v. Byrd, 1:09CV852, 2012 WL 12991290 (M.D.N.C. Nov. 7, 2012). In Slate, the court stated: "[r]esearch failed to reveal any case in which the Fourth Circuit adopted the Shelton/N.F.A.

3

Corp. rule, but did show that, in recent years, a number of courts have offered persuasive arguments against it." Id. at *3. Further, Slate distinguished its facts from those in N.F.A Corp., where the attorney sought to be deposed was a non-trial attorney on subject matter unlikely to elicit information about litigation strategy. Id. at *1, 3. Here, while Plaintiffs would limit their questioning only to the contents of Ms. Schebel's declaration and any efforts made to substantiate the burden of complying with the discovery request, Ms. Schebel is an attorney of record for Ford and is privy to litigation strategy. ECF No. 507, 15-16. That somewhat distinguishes this case from Slate, but not dispositively so, because it appears that Ms. Schebel's principal role is to direct discovery. Thus, the fact that she may have some knowledge of trial strategy does not stand, per se, as a reason to foreclose her deposition. That is important where, as here, the deposition can be easily cabined to discovery issues.

Plaintiffs also cite Smith v. City of Greensboro, 1:19CV386, 2021 WL 10280229 (M.D.N.C. Aug. 2, 2021). In Smith, the attorney sought to be deposed was not an attorney of record in the case but was involved in the representation. Id. at *3. In Smith, the Court stated that: "this Court and others have repeatedly chosen to uphold a strict binary approach applying N.F.A. Corp. only to active litigation attorneys appearing as counsel of record in the instant lawsuit." Id. at *3. So, Smith does not precisely address

4

Plaintiffs' argument because Ms. Schebel is Ford's attorney of record and is involved with litigation strategy.

The Court's research has identified additional decisions in which the Court has applied the Shelton standard to similar cases. Ford Motor Co. v. Nat'l Indem. Co., 2013 U.S. Dist. LEXIS 102985, at *6-7 (E.D. Va. July 22, 2013) (collecting cases from other Fourth Circuit district courts which apply the Shelton rule). In Ford Motor Co., the attorney sought to be deposed was trial counsel, as here. Id. at *2.

Here, Ms. Schebel's role is an ambiguous one. The mere fact that she appears as of record does not mean that she is "trial counsel." Nor does the fact that she has some knowledge of litigation or trial strategy produce that result or render her immune from being deposed about matters as to which she has submitted a declaration.

Nonetheless, Shelton provides a good framework for analyzing the request to depose Ms. Schebel. The Shelton test provides that the party seeking to depose an opposing attorney must demonstrate "(1) no other means exist to obtain the information than to impose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Ford Motor Co., 2013 U.S. Dist. LEXIS 102985 at *7-8 (quoting Shelton, 805 F.2d at 1327). Plaintiffs have established that no one other than Ms. Schebel can provide the appropriate

5

information because she wrote and swore the declaration. Ford has identified no one else who could testify to the basis for the declaration. Second, the information sought is relevant because it goes to the burden of production on Ford. The information would not be privileged because it goes to steps taken to comply with discovery and is related to the declaration that Ms. Schebel has already made. However, out of an abundance of caution, Ms. Schebel and Ford could object to any question that they believe intrudes on the privilege, and a special master or magistrate judge could be present to rule on those issues. Finally, the information is crucial to the issue of Ford's asserted burden but not necessarily the preparation of the case.

Thus, the Plaintiffs have satisfied the <u>Shelton</u> factors.

However, this appears to be an unnecessary dispute. If Ford does not show that it would be unduly burdensome to comply with the requests, its MOTION must be denied. Ms. Schebel's declaration provides insufficient information to demonstrate burden. A party must demonstrate with affidavits the "nature and extent of the asserted burden." <u>Spendlove v. RapidCourt, LLC</u>, No. 3:18-cv-856, 2019 WL 7143664, at *4 (E.D. Va. Dec. 20, 2019); Fed. R. Civ. P. 16(b)(2)(C)(iii). Plaintiffs are correct that Ms. Schebel's Declaration lacks any specific information that would provide the Court any reason to find the burden that Ms. Schebel estimates to exist in this case. ECF No. 470, 12. The average number of hours

6

per custodian for previous work is not connected to the projected hours per custodian in different circumstances. Ford has thus failed to show any burden, much less an undue burden.

## CONCLUSION

On the record, the MOTION will be DENIED because Ford has failed to meet its burden by failing to connect the general division figures that Ms. Schebel recites to any projection of the burden for future documents called for in the production requests. Further, as the Court stated in the conference call, documents from supervisory and executive employees of Ford are relevant and Plaintiffs are entitled to them. Ford will be required to produce the requested documents by August 1, 2026.

It is so ORDERED.

/s/                    _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June ___, 2026

7